UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIM. NO. 7:20-CR-33 (WLS) |
| vs. : | FILED at 2:15 P.M. October 28th, 2021 |
| JAYSON E. WRIGHT, : | Gloria W. Anderson |
| Defendant. : | Courtroom Deputy Scheduling Clerk U.S. District Court Middle District of Georgia |

## PLEA AGREEMENT[1]

It is agreed by the United States of America, by and through its undersigned attorney, and **JAYSON E. WRIGHT**, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be

1



entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The Acting United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

---

[1] Government counsel consulted with Defense counsel for Defendant Jayson Wright and both parties agree and request that the Court seal the facts in the plea agreement to protect the minor victims from further victimization.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)   The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One and Count Four of the Indictment which charge Defendant with Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a), (b) and (e), and Title 18, United States Code, Section 2.

(B)   That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant to a maximum sentence of thirty (30) years imprisonment with a minimum mandatory term of imprisonment of fifteen (15) years, a maximum fine of $250,000.00, or both, and a term of supervised release of at least five (5) years up to the possibility of a lifetime of supervision on each of Count. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count. Additionally, the Defendant agrees that he may be subject to the following:

    I.    An assessment of $5,000.00 per count under 18 U.S.C. § 3014;

    II.    An assessment, pursuant to 18 U.S.C. § 2259A, per count of no more than:

        a.    $17,000.00 if convicted of 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5);

        b.    $35,000.00 if convicted of any other trafficking in child pornography offense as defined by § 2259(c)(3), which includes

3



        offenses under 18 U.S.C. §§ 2251(d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

    c. $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. § 2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in section 2256);

  III.    Not less than $3000.00 in mandatory restitution, per victim, as required pursuant to 18 U.S.C. § 2259 for any conviction of an offense described in paragraphs II(a) and II(b) above.

(C)    The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office. The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct guideline range.

(D)    The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed. The Defendant understands and has discussed with Defendant's attorney that the Defendant will have

the opportunity to review the Presentence Investigative Report and challenge any facts reported therein. The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E) The Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G) Defendant understands, and has fully discussed with his attorney, that the Court shall order total restitution in this case pursuant to Title 18, United States Code, Section 1593. Defendant and the Government agree that the amount of restitution to be paid to Minor Victim #1 is $400,000.00 and the amount of restitution to be paid to Minor Victim #2, and Minor Victim #3 and Minor Victim #4 is $75,000.00 each. The parties will file a formal restitution agreement under seal prior to the sentencing hearing that will provide the victims' information.

(H) <u>**Waiver of Appeal Rights and Right of Collateral Attack:**</u>

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to



appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging her conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government,

be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(I)  Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. §3583(d). Defendant also understands that independent of supervised release, she will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Georgia following release from prison, he will be subject to the registration requirements of OCGA § 42-1-12 et seq., or if in another state to any reporting or registration requirements in that state. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, defendant shall initially register with the state sex offender registration in Georgia and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all

7

requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

(J)     Defendant agrees that any restitution is ordered by the Court under 18 U.S.C. §2259, the amount of restitution ordered by the Court shall include defendant's total offense conduct. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution.

Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction execution of this agreement.

The restitution described above shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will jointly recommend that as a condition of probation or supervised release, defendant will notify the Financial Litigation Unit (FLU), United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or

8

corporation after the execution of this plea agreement until the fine or restitution is paid in full.

The parties will also jointly recommend that as a condition of probation or supervised release, defendant will notify the FLU, United States Attorney's Office, before defendant transfers any interest in property owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the Acting United States Attorney for the Middle District of Georgia agrees as follows:

(A)   That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the Acting United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. The Acting United States Attorney agrees to dismiss the remaining counts of the pending Indictment, if any, in exchange for Defendant's plea of guilty to Counts One and Four of the Indictment.

(B)   If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the Acting United States Attorney will recommend to the Court that the Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not the Defendant would be entitled to any reduction based upon an acceptance of

responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to her involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened, or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the Acting United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Presentence Investigative Report determine the facts relevant to sentencing.

10



Subject to the above paragraph, the Acting United States Attorney and the Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

The Lowndes County Sheriff's Office received a report on August 17, 2020, which was ultimately substantiated, that Defendant Jayson Wright (hereinafter Defendant) was sexually abusing his daughter, Minor Victim # 1, who was 12 years old at the time of the report. Defendant is Minor Victim # 1's father.

Minor Victim # 1 informed law enforcement that Defendant had been sexually abusing her since she was five (5) years old, would record the abuse, and that he constantly physically abused both her, and her minor brother.

On August 19, 2020, Minor Victim # 1 was forensically interviewed, and disclosed that she had been raped multiple times by Defendant. She stated the most recent incident was two weeks prior. Minor Victim # 1 reported that her mother, Co-Defendant Kara Wright, would sometimes be in the room when it would happen. She stated that Defendant would make her mom record the acts. Minor Victim # 1 stated that Defendant repeatedly orally, anally, and vaginally raped her and had videoed all of it.

Minor Victim # 1 stated that her parents had previously given her "Plan B" but that it made her very sick. She reported her parents bought her something you insert into your vagina to keep you from getting pregnant. During the execution of the residence search warrant, law enforcement found Vaginal Contraceptive Film (VCF), which is a form of spermicide, and multiple videos of child abuse sexual material that

11

showed Minor Victim # 1 in extreme pain while her parents inserted the VCF into her vagina against her will.

Minor Victim # 1 reported Defendant had previously shown her a video of him raping another child whom she did not recognize, but believed the female victim was younger than 8 years old. Minor Victim # 1 described what the victim looked like and stated that she was chewing on a Barbie doll head in the video.

Upon Defendant and Co-Defendant Kara Wright's learning of the investigation, the two immediately fled the State of Georgia. On the morning of August 19, 2020, the couple wrote an e-mail to Johnnie Wright, Defendant's father, instructing him to sell their belongings and to tell the children it wasn't their fault, that it was the Defendant's fault. Both Defendants were apprehended in Corpus Christi, Texas.

Co-Defendant Kara Wright was interviewed by law enforcement in Corpus Christi and admitted to being aware and participating in the production of child pornography with their daughter, and to fleeing the jurisdiction. She also implicated Defendant in the production of child pornography. Co-Defendant Kara Wright told law enforcement they were headed to Missouri, but then decided they wanted to flee the country and were googling non-extraditable locations. She stated they eventually settled on Brazil. She further stated that she and Defendant drove around while law enforcement searched their house and Defendant stated that they were going to get caught; therefore, they needed to leave immediately. They left town on August 17, 2020, following their interviews at the Lowndes County Sheriff's Office.



All the photographs and videos referenced in the Indictment were taken in Valdosta Georgia, which is in the Middle District of Georgia.

A forensic review was done on multiple items seized pursuant to various search warrants. Hundreds of images and videos of child sexual abuse were found on the devices. Most of the videos and images depicted the sexual abuse of Minor Victim # 1. A hard-drive and the Defendant's cell phone were both seized and contained the child sexual abuse material referenced in the Counts to which the Defendant now pleads guilty. Both the hard-drive and the Defendant's phone were manufactured outside the state of Georgia, and therefore, traveled in interstate and foreign commerce.

**Count One:**

The video from Count 1 of the Indictment was taken on March 11, 2018 and depicts the following: Minor Victim # 1 preforming oral sex on Defendant. Co-Defendant Kara Wright is also present in the video. Defendant states "Ok mommy, come here and suck it" . . . "[Minor Victim #1] shake it." Co-Defendant Kara Wright preforms oral sex on Defendant. When she stops, Defendant tells Minor Victim # 1, "Now you suck me." Minor Victim # 1 then begins to perform oral sex on Defendant. During this he says, "Good girl." Co-Defendant Kara Wright then preforms oral sex on Defendant. Defendant says, "Want to move on to the main event"? Minor Victim # 1 is made to perform more oral sex on Defendant, then at the 03:58 minute mark in the video, Defendant states, "Let's get them asses lined up." The video cuts to Minor Victim # 1 laying on top of Co-Defendant Kara Wright, both parties are stomach down, while Defendant has vaginal intercourse with Co-Defendant Kara Wright. He then has

13



vaginal intercourse with Minor Victim # 1, who is approximately 10 years old, and begins having anal sex with Minor Victim # 1 while she is still laying on top of Co-Defendant Kara Wright. The camera view changes to show Co-Defendant Jayson Wright having anal sex with Minor Victim # 1 with her back facing the camera. Defendant ejaculates inside Minor Victim #1's rectum while Co-Defendant Kara Wright is recording the events.

Defendant now admits that on or about March 11, 2018, in the Valdosta Division of the Middle District of Georgia, he being a parent, legal guardian, and person having custody and control of Minor Victim # 1 knowingly permitted Minor Victim # 1 to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct in and affecting interstate commerce. All in violation of Title 18 United States Code, Sections 2251(b) and (e).

**Count Four:**

Defendant took explicit photographs of Minor Victim # 2 on or about June 5, 2018 when she was having a sleep over with Minor Victim # 1. Minor Victim # 2 was 9 years old at the time the photographs were taken. Defendant took a series of photographs in the early morning hours of June 5, 2018. The series included 14 images taken by the Defendant. The series begins with photographs of Minor Victim # 2's exposed panties and moves closer as her panties are moved to the side exposing her vagina. In the last two images Defendant's erect penis is over Minor Victim # 2's vagina.



Defendant now admits that on or about June 5, 2018, in the Valdosta Division of the Middle District of Georgia, he did employ, use, induce, entice, or attempt to employ, use, induce, entice, and coerce Minor Victim # 2 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct in and affecting interstate commerce. All in violation of Title 18 United States Code, Sections 2251(a) and (e).

In addition to the conduct described in Counts One and Four, Defendant took explicit photographs of Minor Victim # 3 on or about July 2, 2018. Minor Victim # 3 was 5 years old at the time the photographs were taken. Defendant took a series of 7 images of Minor Victim # 3, beginning with photographs of her panties to the side exposing her vagina. Defendant then pulls her shorts and panties down exposing her buttocks while she was asleep. In the last image Defendant is holding his erect penis in his left hand behind the exposed buttocks of Minor Victim # 3.

Additionally, Defendant placed hidden cameras in both the bathroom of his residence and Minor Victim # 1's bedroom which captured images Minor Victim # 1 along with Minor Victim # 4. The images depict both Minor Victim # 1 and # 4 on multiple occasions in August 2019 changing in the bedroom. These images included the children's naked vaginal areas, breasts, and buttocks. At least 114 images from the hidden camera show both victims getting completely undressed and redressed.

15



(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 28th day of October, 2021.

PETER D. LEARY
ACTING UNITED STATES ATTORNEY

FOR: _____
KATELYN SEMALES
ASSISTANT UNITED STATES ATTORNEY



I, JAYSON E. WRIGHT, have read this agreement and had this agreement read to me by my attorney, TIMOTHY R. SAVIELLO. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
JAYSON E. WRIGHT
DEFENDANT

I, TIMOTHY R. SAVIELLO, attorney for Defendant JAYSON E. WRIGHT, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
TIMOTHY R. SAVIELLO
ATTORNEY FOR DEFENDANT