IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

UNITED STATES OF AMERICA, :
:
v. : CASE NO.: 7:20-CR-33 (WLS-TQL-1)
:
JAYSON E. WRIGHT, :
:
    Defendant. :
:

## ORDER

On October 28, 2021, the Court held a hearing in which Defendant Jayson E. Wright sought to change his plea in the above-styled action. Present at the hearing were Defendant, Defendant's counsel, and counsel for the Government. Pursuant to a Plea Agreement, Defendant Wright entered a plea of guilty to Counts I and IV of the Indictment in full satisfaction of the Federal charges against him. The plea was freely and voluntarily given, and the Court accepted the plea once signed. Counsel for the Government has now moved to seal the plea agreement from the record. Due to the nature of the charges against Defendant Wright and the actions taken against the victims in this case, the Government has asked this Court to seal the portion of the plea agreement containing the facts both the Government and Defendant stipulated could be proven beyond a reasonable doubt were the case to proceed to trial. (Doc. 74.)

Court records are presumptively public, as the "operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). The common-law right of access is an "essential component of our justice system" and generally affords the public an opportunity to inspect and copy public records as well as view civil and criminal proceedings. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, this right is not absolute; it can be overcome by a showing of good cause, which may be based on the nature of the information at issue. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). To determine

whether disclosure is appropriate, the Court must "balance the respective interests of the parties." *Chi. Tribune Co.*, 263 F.3d at 1313.; *BASF Corp. v. SNF Holding Co.*, No. 4:17-cv-251, 2019 U.S. Dist. LEXIS 111596, at *15 (S.D. Ga. July 3, 2019) (The judge "'may not rubber stamp a stipulation to seal the record.'") Generally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.

The Court finds that the nature and content of the information contained in the stipulation of facts of Defendant Wright's plea agreement tips the scale in favor of the victims' privacy interests. Additionally, the victims are minors or were minors at the time relevant to the indictment. The Court's priority is to prevent any further suffering or harm to the victims in this case; sealing this portion of the plea agreement shall prevent this sensitive information from being searchable or accessible to the general public at large. The Court finds that only the portion of the plea agreement stating the stipulation of facts as provided in the plea agreement pose this risk. Accordingly, the Government's Motion to Seal (Doc. 74) is **GRANTED-IN-PART**. For the reasons stated herein together with the Court's findings and reasons stated in the hearing that are made a part of this Order by reference, the Court hereby **ORDERS** that the Clerk shall **SEAL** pages 10 through 15, ending at paragraph (8) on page 16, of the plea agreement signed by Defendant Jayson Wright and Counsel that has been accepted by the Court. The Court further **ORDERS** that any record or transcript produced of the hearing that took place on October 28, 2021 before this Court shall have the portions where pages 10 through 15, ending at paragraph (8) on page 16, of the plea agreement read for the Court **REDACTED** unless requested for further court proceedings and as ordered by the Court.

**SO ORDERED,** this 18th day of November 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**