IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:20-CR-33 (WLS-TQL) |
| | : | |
| JAYSON E. WRIGHT and | : | |
| KARA E. WRIGHT, | : | **SEALED** |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Presently before the Court is Defendant's Emergency Motion to Seal Sentencing Transcripts and contemporaneously filed Motion for Extension of Time to File a Transcript Redaction Request, which were both filed on January 30, 2023. (Docs. 115 & 116.) Therein, Defense Counsel requests that this Court issue an Order sealing the sentencing transcripts in this case (Doc. 115) and extending the deadline to file a Transcript Redaction Request for Defendant's sentencing transcript or in the alternative extending the deadline to file a request for a redacted transcript. (Doc. 116.)

Turning first to Defendant's Emergency Motion to Seal. (Doc. 115.) Court records are presumptively public, as the "operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). The common-law right of access is an "essential component of our justice system" and generally affords the public an opportunity to inspect and copy public records as well as view civil and criminal proceedings. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, this right is not absolute; it can be overcome by a showing of good cause, which may be based on the nature of the information at issue. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). To determine whether disclosure is appropriate, the Court must "balance the respective interests of the parties." *Chi. Tribune Co.*, 263 F.3d at 1313.; *BASF Corp. v. SNF Holding Co.*, No. 4:17-cv-251, 2019 U.S. Dist. LEXIS 111596, at *15 (S.D. Ga. July 3, 2019) (The judge "'may not rubber stamp

a stipulation to seal the record.'") Generally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.

After careful review of the sentencing transcripts, the Court finds that disclosure to the public could harm legitimate privacy interests in this case, namely the identities of the minor victims and their parents. Accordingly, Defendant's Emergency Motion to Seal the Sentencing Transcripts (Doc. 115) in this case is **GRANTED**. The Clerk is **DIRECTED** to **SEAL** the Sentencing Transcripts in this case and this Court's order so that they are only available to the Parties' Counsel and the Court. These documents shall remain sealed until further order of the Court.

Turning next to Defendant's Emergency Motion to Extend Time to File a Transcript Redaction Request. (Doc. 116.) As stated *supra* Defendant requests that this Court enter an Order granting Defense Counsel's belated request to redact the sentencing transcript in this case or to permit an out-of-time request to redact the sentencing transcript. (*Id.*) As a redacted transcript is necessary for the purposes of Defendant's appeal, Defendant's Motion to Extend the Time to File a Transcript Redaction Request is **GRANTED**. Defendant is hereby **ORDERED** to request a redacted transcript, if one is necessary, by no later than Monday, February 6, 2023.

**SO ORDERED,** this 30th day of January 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**